WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Arthur D. Greathouse, individually and dba Silver Martini and Wine Bar; and Wildcat Enterprise, LLC, an unknown business entity dba Silver Martini and Wine Bar,<br><br>Defendants. | No. CV-13-00922-PHX-GMS<br><br>**ORDER** |

Pending before the Court are the Motion for Summary Judgment of J & J Sports Productions, Incorporated ("J & J Sports") (Doc. 27) and the Motion to Strike of Defendants Arthur D. Greathouse and Wildcat Enterprise, LLC. (Doc. 31.) For the following reasons, the Motion for Summary Judgment is denied and the Motion to Strike is granted in part and denied in part.

## BACKGROUND

On May 7, 2011, an investigator employed by J & J Sports observed a boxing match being played on twelve televisions at the Silver Martini and Wine Bar ("Silver Martini") in Phoenix, Arizona. The boxing match, *Manny Pacquiao vs. Shane Mosley WBO World Welterweight Championship Program*, (the "Program") was telecast nationwide on closed-circuit television. J & J Sports held the exclusive commercial distribution rights to the broadcast and claims that Defendants intercepted the Program either from its cable or satellite transmissions. Mr. Greathouse and Wildcat have both

admitted and denied having ownership of Silver Martini. However, they have consistently denied authorizing the showing of the Program and have provided a sworn affidavit to this effect.

J & J Sports now moves for summary judgment that Defendants intercepted and published the Program without its authorization, in violation of the Federal Communications Act of 1934, 47 U.S.C. § 605, and/or the Cable Act of 1992, 47 U.S.C. § 553.

**DISCUSSION**

**I.  Motion to Strike**

Defendants move to strike J & J Sports' Motion for Summary Judgment because it is based, in large part, on the Defendants' purported failure to respond to a request for admissions during discovery. J & J Sports is correct in stating that a failure to respond to a request for an admission is deemed to be an admission. *See* Fed. R. Civ. P. 36; *O'Campo v. Hardisty*, 262 F.2d 621, 623 (9th Cir. 1958) ("Under Rule 36 of the Federal Rules of Civil Procedure the plaintiff, by her failure to answer the request for admissions as required by the rule, admitted the truth of all the matters contained in the request for admissions."). J & J Sports states that it sent requests for admissions to both Mr. Greathouse and to Wildcat, but that Wildcat did not respond. However, the record indicates otherwise. Both parties concede that Mr. Greathouse is a managing member of Wildcat and that he responded to the request for admission. Although part of the Defendants' response to J & J Sports' request for admission used the singular "Defendant," Mr. Greathouse was clearly speaking on behalf of both Defendants. The Defendants' answer to the request was signed by both Defendants' attorneys and refers specifically to Wildcat. (Doc. 29, Ex. 2.) In addition, many of the documents submitted on behalf of Mr. Greathouse and Wildcat, including the briefings for the current Motions, have been filed jointly. Thus, Wildcat's purported failure to respond to J & J Sports' request was not an admission.

/ / /

Although Wildcat's actions were not an admission, Defendants' request to strike the entire Motion for Summary Judgment is overbroad. J & J Sports bases its Motion not only on the purported admissions of Wildcat, but also on the sworn affidavit of its investigator. The portion of the Motion relying on the purported admissions will, therefore, be stricken and ignored, but the rest of the Motion will still be considered. *See Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.").

## II.   Summary Judgment

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (original emphasis omitted) (quoting *Anderson*, 477 U.S. at 250). When considering a motion for summary judgment, the nonmoving party's evidence is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Section 605 prohibits interception of satellite television signals. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). "[T]o be held liable for a violation of [47 U.S.C. § 605], a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a

communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981). Section 553 prohibits any person from intercepting, receiving, or assisting in the intercepting or receiving of any communications "offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553.

Because J & J Sports has alternately alleged that Defendants intercepted cable and satellite signals, both section 553 and 605 are potentially applicable. Courts presented with similar allegations have held section 605 controls because it "provides for greater damages and mandates attorney's fees." *Kingvision Pay Per View, Ltd. v. Guzman*, No. CV-07-0963-PHX-PGR, 2008 WL 1924988, at *1 (D. Ariz. Apr. 30, 2008); *see also International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1009 (2nd Cir. 1993); *Kingvision Pay–Per–View. Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000). Thus, the Court's analysis will be limited to section 605.

Violation of section 605 is a strict liability offense. *See* 47 U.S.C. § 605; *Don King Prods./Kingvision v. Lovato*, No. C-95-2827 (TEH), 1996 WL 682006, at *3 (N.D. Cal. Nov. 15, 1996) ("The Cable Communications Act imposes strict liability under 47 U.S.C. §§ 553 and 605."). However, damages may be reduced substantially for violations that are not willful. See 47 U.S.C. § 605(c)(iii) ("[W]here the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250."). Interception and publication of programs may be proved by circumstantial evidence. *Webb*, 545 F.3d at 844 ("Circumstantial evidence may be sufficiently persuasive. Signal piracy is by its nature a surreptitious venture and direct evidence of actual interception may understandably be hard to come by.").

**II.  Analysis**

    **A.  Interception and Publication**

J & J Sports has provided a sworn affidavit by its investigator that the Program was being broadcast at Silver Martini and Wine Bar on May 7, 2011. (Doc. 27, Ex. 3.)

Further, in its Complaint, J & J Sports provided the following two allegations:

> 7. Defendant Arthur D. Greathouse is the managing member of Wildcat Enterprise, LLC, which owns and operates the commercial establishment doing business as Silver Martini and Wine Bar. . . .
>
> 9. Plaintiff is informed and believes, and alleges thereon that on May 7, 2011 (the night of the Program at issue herein, as more specifically defined in paragraph 16), Defendant Arthur D. Greathouse had the right and ability to supervise the activities of Silver Martini and Wine Bar, which included the unlawful interception of Plaintiff's Program.

(Doc. 1.) Defendants' Answer provided the following responses:

> 7. Defendant admits the allegations contained in Paragraph Eight (8) of the Complaint. . . .
>
> 9. Defendant admits that on May 7, 2011, he had the right and ability to supervise the activities of Silver Martini and Wine Bar. Defendant denies the remaining allegations contained in Paragraph Nine (9) of the Complaint.

(Doc. 19.)

Defendants' Response to the current Motion states that they did not own or operate the Silver Martini and Wine Bar on May 7, 2011 because the bar did not exist at that date. (Doc. 29.) This is a direct contradiction of the above-quoted statements in their Answer. The Ninth Circuit has held that "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (citations omitted). Other courts have similarly held that parties "are bound by admissions in their pleadings, and a party cannot create a factual issue by subsequently filing a conflicting affidavit." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 549 (6th Cir. 2000); *see also Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1173 (7th Cir. 1996) ("When a party seeks to create an issue of fact by simply submitting an affidavit which directly contradicts a witness' earlier sworn comments, a court rightly ignores the later submission since it creates no genuine factual dispute."). Thus, Defendants are bound to the admission in their Answer that Wildcat owns and operates

1  Silver Martini and Wine Bar and that on May 7, 2011, Mr. Greathouse "had the right and
2  ability to supervise the activities of Silver Martini and Wine Bar." (Doc. 19.)

3  This admission, along with the affidavit of the investigator of J & J Sports that the
4  Match was playing at Silver Martini on May 7, 2011, provides some apparently
5  admissible evidence that Defendants intercepted and published the Program. Several
6  courts have held that such evidence, if uncontested, provides a basis on which to grant
7  summary judgment for a violation of section 605. *See J & J Sports Prods., Inc. v. Vargas*,
8  No. CV-11-02229-PHX-JAT, 2013 WL 1249206, at *2 (D. Ariz. Mar. 27, 2013)
9  ("Plaintiff has met its initial burden of pointing out to the Court the basis for the motion
10 for summary judgment on the 605 claim and the elements of the 605 claim."); *J & J*
11 *Sports Prods., Inc. v. Morales*, No. 1:10-CV-01694-AWI, 2011 WL 6749080, at *3 (E.D.
12 Cal. Dec. 22, 2011) (same). However, in this case, Defendants have provided other
13 evidence that they neither intercepted nor published the Program. Mr. Greathouse
14 provides a sworn affidavit stating: "I did not order the Program, nor direct anyone else to
15 order the Program. Furthermore, I did not broadcast the Program at the Silver Martini and
16 Wine Bar." (Doc. 29, Ex. 5.) The affidavit later states that neither Mr. Greathouse nor
17 Wildcat intercepted or decoded the Program to allow viewing at the Silver Martini. (*Id*.)

18 As noted above, it is well settled law that a nonmoving party's evidence is "to be
19 believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S.
20 at 255. "Moreover, courts generally are much more lenient with the affidavits of a party
21 opposing a summary judgment motion." *Scharf v. U.S. Atty. Gen.*, 597 F.2d 1240, 1243
22 (9th Cir. 1979). Viewed in the light most favorable to Defendants, the nonmoving parties,
23 the sworn statements in Mr. Greathouse's affidavit show that there is a genuine issue of
24 material fact as to whether either he or Wildcat intercepted or broadcast the Program.

25 **CONCLUSION**

26 There are genuine issues of material fact outstanding as to whether Defendants
27 intercepted and broadcast J & J Sports' Program that aired on May 7, 2011. Because of
28 these outstanding factual issues, the Court will not consider J & J Sports' request for

damages.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Arthur D. Greathouse and Wildcat Enterprise, LLC's Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 31) is **GRANTED IN PART** and **DENIED IN PART**.

Dated this 19th day of February, 2015.

*/s/ G. Murray Snow*
Honorable G. Murray Snow
United States District Judge